WHOLESALE COKE COMPANY, Inc.,
Appellant,

v.

CENTRAL LOUISIANA ELECTRIC
COMPANY, Inc., et al., Appellees.

No. 22295.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1966.

Franz Joseph Baddock, Baton Rouge, La., for appellant.

LeDoux R. Provosty, Alexandria, La., for appellees.

Before HUTCHESON and THORNBERRY, Circuit Judges, and FISHER, District Judge.

PER CURIAM.

This appeal is from a judgment denying appellant Wholesale Coke Company recovery against appellees Central Louisiana Electric Company and Louisiana Intrastate Gas Corporation (a wholly owned subsidiary of Central Louisiana) for materials supplied by Wholesale to one Henry Allen for use on a construction project for appellees. Wholesale, upon non-payment by Allen, brought this action against appellees alleging that Allen was their agent and, in the alternative, that appellees were equitably estopped from denying liability for the materials. The District Court filed concise findings of fact and conclusions of law in which it ruled that no facts were proven to establish agency or to invoke equitable estoppel.

A careful consideration of the record convinces us that the Court's findings are fully supported by the evidence and that its decision and judgment are correct and must be affirmed.

Affirmed.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SABINE VENDING CO., INC., DIVISION
OF UNITED SERVOMATION CORPORATION, Respondent.

No. 22021.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Thomas Canafax, Jr., Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Allison W. Brown, Jr., Attorney, N. L. R. B., for petitioner.

Richard C. Keenan and Kullman & Lang, New Orleans, La., for respondent.

Before TUTTLE, Chief Judge, and JONES and WATERMAN,* Circuit Judges.

PER CURIAM.

We find that there was substantial evidence on the record as a whole to support the findings of the Board. The only disagreement between the Board and trial examiner was on a legal, not a credibility, question.

The Order will be enforced.

* Of the Second Circuit, sitting by designation.